[Filed No. Cr. 190]

STATE OF NORTH DAKOTA, Respondent, v. GABRIEL TEN-NYSON, Appellant.

(14 NW(2d) 171)

Opinion filed April 14, 1944

P. D. Norton, of Minot, for appellant.

Theo. A. Sailer, State's Attorney, W. J. Austin, Special Assistant Attorney General, Floyd B. Sperry of Golden Valley, Associate Counsel, Hon. Alvin C. Strutz, Attorney General, and P. O. Sathre, Assistant Attorney General, on appeal, for the respondent.

NUESSLE, J.   On April 28, 1942, the state's attorney of Mercer County filed an information in the district court of that county charging the defendant Gabriel Tennyson and others with the offense of conspiring to commit the crime of grand larceny and to bring stolen property into the state of North Dakota.   Thereafter the defendant Tennyson was arraigned on such charge.   He signed a written statement saying that the matters set forth in the information were true and pleaded guilty to the charge contained therein.   The court received the plea and entered judgment of conviction thereon.

Thereafter the defendant moved to vacate and set aside the judgment and for an order granting him a new trial with leave to withdraw his plea of guilty and enter a plea of not guilty.   This motion was denied.   Whereupon he perfected the instant appeal.

The defendant predicated his motion on the grounds that he had not had the benefit of counsel; that he had been induced by threats and false promises on the part of the prosecuting officers to enter his plea of guilty; that he was not guilty; that, if given an opportunity to present his defense he would be able to establish his innocence.

The information charges that the offense was committed on the 27th day of November, 1939.   The information was filed on April 28, 1942. The record shows beyond dispute that at all times from the date of the commission of the alleged offense until the date of the filing of the information on April 28, 1942, the defendant was a resident of Bottineau County and was within the state.

We need not be concerned here with the question as to whether the defendant was induced by threats and false promises on the part of the prosecuting officers to sign his confession of guilt and enter his plea of guilty upon arraignment. Neither are we concerned now with the question as to whether he committed the acts charged. This, for the reason that upon the face of the information itself it appears that the alleged offense was committed more than two years prior to the time of the filing of the information.

The offense charged is a misdemeanor. See § 9441, Comp Laws 1913. "An information, or a complaint for a misdemeanor, except as otherwise specially limited by law, must be filed, or an indictment found, within two years after its commission." Comp Laws 1913, § 10,522. Such a statute is not a statute of repose but creates a bar to the prosecution. Thus the time within which an offense is committed becomes a jurisdictional fact. State v. Thomas, 72 ND 537, 9 NW (2d) 442; State v. Steensland, 33 Idaho 529, 195 P 1080, 13 ALR 1442. So the State has the burden of proving affirmatively the commission of an offense charged within the period limited for its prosecution. Wharton, Criminal Evidence, 11th ed, §§ 198 et seq. If it fails to make such proof, defendant is entitled to an acquittal. And where on the face of the information it appears the offense was not committed within the statutory period, the information is subject on that account to challenge by demurrer. State v. Thomas, supra. Evidently the defect in the information was not brought to the attention of the trial court, either when judgment on the plea of guilty was entered, or when the motion to vacate and set aside the judgment and order a new trial was denied. We must assume that if the trial court had noted that on the face of the record the prosecution was barred, he would have granted the motion and ordered a new trial.

Accordingly, the order appealed from is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

MORRIS, Ch. J., and BURKE, BURR, and CHRISTIANSON, JJ., concur.