CITY OF AKRON, APPELLEE, *v.* AKINS, APPELLANT.

(No. 6053—Decided August 7, 1968.)

Mr. *William R. Baird*, director of law, and Mr. *Alvin C. Vinopal*, for appellee.
Mr. *George J. Carson*, for appellant.

HUNSICKER, J. An appeal on questions of law is lodged in this court from a judgment imposing a sentence upon a plea of guilty to the offense of refusing to make a return, or a declaration of wages earned, under the income tax ordinance of the city of Akron, Ohio.

The charge is for a failure to make the required return for the year 1963. The affidavit was filed January 23, 1967, and the warrant for arrest was issued January 24, 1967. The transcript of docket and journal entries shows a plea of guilty entered on February 21, 1967, and the case was then continued for the defendant, Emory Akins, to make arrangements to pay the tax.

Controversy then arose between two of the judges of the Akron Municipal Court as to the right of one of them to change the plea of guilty to not guilty, for the purpose of permitting a demurrer to be filed, questioning the jurisdiction of the court to hear a misdemeanor charge made more than one year after the alleged offense occurred.

The judge, before whom the guilty plea was entered, refused to expunge the plea of guilty and enter a plea of not guilty, overruled the demurrer, and, thereafter, sentenced the defendant to pay a fine of $500, and to serve six months in the Akron City Workhouse; all of which was suspended if the defendant would pay his arrearage of the city of Akron income tax within 30 days.

It is from this judgment on the plea of guilty that the appeal is brought before this court. It is the claim of the city that, on a plea of guilty, all defects in the proceedings are waived, even as to the jurisdiction to entertain such a plea.

While we believe that the trial judge would now con-

cede that he was in error in not expunging the record plea of guilty, and in overruling the demurrer filed by counsel for the defendant, we are faced with a problem different from that raised in the case of *Akron* v. *Smith,* 14 Ohio St. 2d 247, wherein the Supreme Court of Ohio, sustaining a judgment of this court, said:

"1. The General Assembly may limit the time within which an action may be brought in the courts of this state, even where such action is based upon a municipal ordinance.

"2. Such an ordinance may not provide for bringing such an action during a period of time greater than the limitation so specified by the General Assembly."

The statute, Section 1905.33, Revised Code, governing herein, says, in part:

"* * * prosecutions for the commission of any offense made punishable by any ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance, or commission of the offense."

Is this statute of limitation a statute of respose, or a bar to the right to prosecute? In civil actions, such statutes relate to the remedy and as a defense must, in general, be pleaded. See: *Smith* v. *New York Central Rd. Co.,* 122 Ohio St. 45; *Towsley* v. *Moore,* 30 Ohio St. 184.

In *Carper* v. *State,* 27 Ohio St. 572, the court concluded that, after a plea of guilty, only such matters as may be taken advantage of by a motion in arrest of judgment can be interposed to prevent sentence. Section 2947.02, Revised Code, provides for "motion in arrest" of judgment in criminal cases, and says that "a judgment may be arrested" where "the offense charged is not within the jurisdiction of the court."

It is apparent from a reading of *Akron* v. *Smith,* 14 Ohio St. 2d 247, that the Akron Municipal Court had no jurisdiction to try the accused, Emory Akins, and, since it could not exercise jurisdiction over him, its action in accepting a plea of guilty, and the resultant sentence, were a nullity. A plea of guilty confers upon a court only such jurisdiction as can be conferred by consent of the parties. *In re Van Hoose,* 61 Ohio Law Abs. 256.

In *Benes* v. *United States,* 84 Ohio Law Abs. 226, at 237, the Sixth Circuit Court of Appeals, in commenting on statutes of limitation in criminal actions, said:

"In criminal actions it has been stated that the purpose of statutes of limitations is to afford immunity from punishment * * * and that such statutes are construed, in contradistinction to statutes applicable to civil actions, not as statutes of respose going to the remedy only, but as creating a bar to the right of prosecution. * * *"

An examination of the authorities cited by the court in the case of *Benes* v. *United States, supra,* convinces this court that the trial court, in the instant case, was without jurisdiction to accept a valid plea of guilty herein and such plea was, hence, a nullity. See: 22 Corpus Juris Secundum 572 *set seq.,* Section 223, and authorities there cited; 21 American Jurisprudence 2d 222-223, Section 154, and the many authorities there cited; *People* v. *Ross,* 325 Ill. 417, 156 N. E. 303; *People* v. *Guariglia,* 272 App. Div. 784, 69 N. Y. S. 2d 759.

We have found no Ohio authorities except that, in a Cleveland Municipal Court case, in an opinion written by Judge Artl (now a member of the Court of Appeals of the Eighth Appellate District), he concluded, after a search of authorities, that a statute of limitations in a criminal case is an act of grace by which a sovereign surrenders its right to prosecute.

We determine, in the instant case, that the trial court did not have jurisdiction to accept a plea of guilty to the offense charged, since the statute of limitations had run, and, hence, such statute afforded the defendant, Emory Akins, immunity from punishment.

The judgment, in the instant case, is reversed as contrary to law, and final judgment is rendered in behalf of the appellant, Emory Akins.

*Judgment reversed and final judgment rendered.*

BRENNEMAN, P. J., and DOYLE, J., concur.