CITY OF CLEVELAND, APPELLEE, *v.* HIRSCH, APPELLANT.

(No. 30432—Decided April 1, 1971.)

Mr. *Clarence L. James, Jr.*, director of law, and *Mr. Robert V. Kinkela*, for appellee.
*Messrs. Schulman & Schulman*, for appellant.

KRENZLER, J. On January 15, 1970, an affidavit was executed charging appellant Hirsch with violating the housing code of the city of Cleveland. The affidavit was based upon an inspection of appellant's premises made on January 13, 1969, and alleged that certain violations had been committed on that date.

Appellant entered a plea of not guilty, the cause was heard, and appellant was found guilty. She filed a motion for a new trial, alleging for the first time that R. C. 1905-

.33* barred the prosecution. The motion was denied and appeal was taken to this court.

Appellant asserts that the affidavit by which this prosecution was initiated reveals that it was not filed until more than one year after the violation allegedly occurred. Appellant argues that the prosecution for that offense is therefore prohibited by R. C. 1905.33.

Appellee, city of Cleveland, contends, however, that by entering a plea of not guilty and proceeding to trial, appellant has waived the right to rely upon the statute of limitations, and may not now, after her conviction, raise the statute as a defense for the first time. Appellee also relies on R. C. 2941.29, which is as follows:

"No indictment or information shall be quashed, set aside, or dismissed, or motion to quash be sustained, or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed on account of any defect in form or substance of the indictment or information unless the objection to such indictment or information, specifically stating the defect claimed, is made prior to the commencement of the trial, or at such time thereafter as the court permits."

It is well recognized that a statute of limitations, in a *civil* case, is an affirmative defense, which is deemed waived if not timely asserted by way of answer, or in certain cases by a demurrer or by a motion to dismiss.

But, the nature of statutes of limitations pertaining to criminal prosecutions is quite different. It is universally held that such statutes cannot be waived by failure to assert them, but may be raised any time, before or after conviction.

In *Akron* v. *Akins* (1968), 15 Ohio App. 2d 168, defend-

---

*This section reads as follows: "Actions for the recovery of fines, penalties, or forfeitures, or prosecutions for the commission of any offense mad punishable by any ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance or commission of the offense, except as provided in Section 718.06 of the Revised Code." R. C. 718.06 extends the period to three years for violations of city income tax laws, and is inapplicable here.

ant had plead guilty to a misdemeanor and subsequently requested leave to change that plea, and was refused. On appeal, the court held that where an affidavit charging a violation of a city ordinance is filed after the time for prosecution provided by R. C. 1905.33, the trial court is without jurisdiction to hear the case, and hence the guilty plea was a nullity.

Numerous cases from other states have held that a statute of limitations may be raised as a defense to a criminal prosecution after judgment has been entered. *State* v. *Civilla* (Mo. 1963), 364 S. W. 2d 624; *State* v. *Morris* (1959), 81 Idaho 267, 340 P. 2d 447; *McIlwain* v. *State* (1956), 226 Ark. 818, 294 S. W. 2d 350; *State* v. *Tennyson* (1944), 73 N. D. 259, 14 N. W. 2d 171; *People* v. *McGee* (1934), 220 Cal. 778, 36 P. 2d 378; *Nelson* v. *State* (1879), 17 Fla. 195.

These cases state that the time within which the offense is committed becomes a jurisdictional fact, which the state bears the burden of proving; that a statute of limitations applicable to crimes is jurisdictional, and goes to the trial court's power to try the case; and that the statute creates a bar to prosecution. See also *Benes* v. *United States* (C. C. A. 6, 1960), 84 Ohio Law Abs. 226; and *People* v. *Hines* (1940), 284 N. Y. 93, 29 N. E. 2d 483.

In the federal courts there is some diversity of opinion on the question. *Waters* v. *United States* (C. C. A. 10, 1964), 328 F. 2d 739, and *United States* v. *Harris* (W. D. Mo. 1955), 133 F. S app. 796, *aff'd on other grounds* (C. C. A. 8, 1956), 237 F. 2d 274, also hold that a statute of limitations, where applicable, operates as a jurisdictional bar to prosecution and punishment, and hence may be raised on appeal or after a plea of guilty. *United States* v. *Doyle* (C. C. A. 2, 1965), 348 F. 2d 715 holds that the statute of limitations is not of jurisdictional character, and is waived as a defense by a valid guilty plea.

We believe the majority and better view is that an indictment, information, or affidavit which charges a violation of law, but which also shows that the prosecution for the charged violation of law is barred by the statute of

limitations, necessarily also shows that a court is without jurisdiction to hear the prosecution. If a trial court lacks jurisdiction of a case, its judgment in the case is void, and may be attacked at any time. Jurisdiction cannot be conferred upon a court by any act or omission of the parties, hence, the defense of the statute cannot be waived by failure to raise it.

R. C. 2941.29, previously set out, requires a defendant to object before trial to any defect of form or substance of an indictment or information, or else be barred from relying upon it as a defense. But, that section is inapplicable to a claim that the prosecution is barred by the statute of limitations. Such a claim relates neither to the form nor to the substance of the indictment or information, but to the legality of the prosecution itself, and to the jurisdiction of the court to hear the prosecution. R. C. 2941.29 does not prevent appellant from first raising the statute of limitations as a defense after trial.

In the present case, the affidavit clearly shows the offense was committed more than one year before the prosecution was initiated. There is no provision whereby the one-year limitation might be tolled or extended. The prosecution and conviction of appellant for the violation charged in the affidavit is prohibited by R. C. 1905.33, and that statute could be asserted properly, as it was, for the first time after the trial. The judgment of the lower court must be, and is hereby reversed, and final judgment is rendered for the appellant and she is discharged.

*Judgment reversed.*

WASSERMAN and MANOS, JJ., concur.