THE STATE OF OHIO *v.* RUE.

(No. 85-TRC-8204 — Decided May 7, 1986.)

Wadsworth Municipal Court.

*Norman Brague,* law director, for plaintiff.

*Palecek, McIlvaine, Foreman & Paul* and *Stephen McIlvaine,* for defendant.

KIMBLER, J. On March 31, 1986, counsel for defendant filed a motion to compel this court to accept a plea bargain agreement made prior to the current judge's term of office or, in the alternative, to allow the visiting judge who sat in this court at the time of the agreement to accept it. For the reasons set out below, that motion is denied.

David M. Rue, defendant, was cited by the Wadsworth Police Department on December 15, 1985 for driving under the influence of alcohol, driving with a prohibited blood-alcohol content as measured by breath and blood, and failure to control his vehicle. The citations followed an accident. Sometime after an inconclusive pretrial conference on Janu-

ary 6, 1986, the prosecutor offered to reduce the charges against the defendant to reckless operation of a vehicle in return for a plea of guilty and defendant's acceptance of a $700 fine. The defendant accepted this bargain and on February 7, 1986 filed a motion for a change of plea, which was signed by the prosecutor. An order setting the case down for a change of plea on March 14, 1986 was signed by visiting Judge C.B. McClure, who was serving in the court due to the death of Judge C. David Hensal.

On February 10, 1986, a new judge was appointed to this court by the Governor. When the defendant appeared before this court on March 14, 1986, he was informed that the court would not accept the agreement previously made and would set the case for trial. This motion followed.

## I

As a starting point, it is established that whether or not to accept a plea bargain arrangement is within the sound discretion of the trial court. *Akron* v. *Ragsdale* (1978), 61 Ohio App. 2d 107 [15 O.O.3d 107].

Defendant cites no law that would indicate the judge sitting at the time a plea bargain is reached must preside over that case to its conclusion and this court cannot accept such a contention. Such a position would result in mass confusion and unnecessary expense whenever a new judge takes office.

Nor can this court agree, as the defendant argues, that Judge McClure's signature on an order to set this case for a change of plea "constituted acceptance and approval of the plea bargain agreement." What Judge McClure signed was simply an "order," which did not in itself mention the plea bargain. The "order" was so captioned and, although it appeared at the bottom of the motion which did refer to the agreement (and was signed by the prosecutor and defense counsel), it was clearly separate.

Furthermore, even when the defendant is given the benefit of the doubt and it is assumed the "order" was intended to relate directly to the motion, the defendant's argument has no merit. This document is a standardized form with dates typed in. There is no reason to assume, and no evidence in the record to show, that Judge McClure even knew the substance of the agreement he supposedly "approved."

This court finds that the judge's act of signing an order to set this case for a change-of-plea hearing was clerical in nature and did not indicate an approval of the plea bargaining arrangement. Certainly, had Judge McClure presided over the change-of-plea hearing and decided to reject the plea bargain, he would have been free to do so.

## II

An issue that underlies this entire argument is whether this court, under any circumstances, could legally accept the plea bargain in this case. This court finds that it could not.

The deal arranged in this case was for the defendant to plead guilty or no contest to a charge of reckless operation of a vehicle, presumably as set out in R.C. 4511.20. Reckless operation in this state is classified as a minor misdemeanor. R.C. 4511.99. In accordance with R.C. 2929.21(D), the maximum penalty for a minor misdemeanor is a fine of $100. However, R.C. 4507.34 allows for an additional penalty for reckless operation of a one-year driving suspension.

Clearly, a fine in the amount agreed to by the defendant in this case, $700, is not authorized by statute. It is the defendant's contention that his agreement to pay this fine gives the court the authority to impose it. The court finds this position contrary to law and sound public policy. The court can find no cases directly on point in this matter. However, the court finds one line of cases begin-

ning with *In re Van Hoose* (1951), 61 Ohio Law Abs. 256, to be influential.

The court finds that *Van Hoose, supra.* (guilty plea did not waive defect in arresting officer's affidavit); *Akron* v. *Akins* (1968), 15 Ohio App. 2d 168 [44 O.O.2d 299] (guilty plea did not constitute consent to prosecution outside statute of limitations); *State* v. *Flynt* (1975), 44 Ohio App. 2d 315 [73 O.O.2d 373] (defendant could not be convicted of an offense committed before the effective date of the statute despite a plea bargain agreement to plead guilty to it); and *State* v. *Riggins* (1980), 68 Ohio App. 2d 1 [22 O.O.3d 1] (guilty plea did not waive right to object to deficiencies in a juvenile bindover proceeding), all support the broad proposition that a defendant cannot, by consent, grant to a court authority it would not have under the law.

In *Akins* at 170 the court said: "A plea of guilty confers upon a court only such jurisdiction as can be conferred by consent of the parties." This court therefore holds that consent of the parties is not sufficient to confer upon the court the authority to impose a fine in excess of the statutory provision.

Turning to the public policy side of this issue, the court finds that an arrangement such as that proposed in this case is in direct conflict with the concept of equal justice cherished in this country. A plea bargain agreement that, by its nature, would be available only to those able to pay a large fine is contrary to public policy.

### III

Finally, the defendant suggests that this court's decision not to enforce the plea bargain agreement in the case "does not promote the respect for the Court or of the judicial process." The court does not believe such a position is supported by reason.

It is difficult to understand how allowing a plea bargain agreement available only to those with money, or approving a deal whereby a defendant agrees to pay a fine in excess of that allowed by law in order to reduce his charge from a first degree to a minor misdemeanor, could possibly promote respect for the judicial process. What it would promote, however, is a cynical attitude that justice is for sale, an attitude that is, unfortunately, shared by too many of our citizens.

*Defendant's motion denied.*