THE STATE OF OHIO, APPELLEE, *v.* BROWN, APPELLANT.

(No. C-870212—Decided February 24, 1988.)

*Arthur M. Ney, Jr.,* prosecuting attorney, *Christian J. Schaefer, Patrick T. Dinkelacker* and *Mark Piepmeier,* for appellee.

*James M. Rueger,* for appellant.

BLACK, J. The dispositive question in this appeal is whether the statute barring prosecutions of felonies (other than aggravated murder or murder), unless commenced within six years, R.C. 2901.13, is a statute of repose so that a court has no jurisdiction over the prosecution of a felony six years after it was committed, or a statute setting forth limitations of time within which a prosecution must be commenced, the effect of which can be waived by a defendant by a plea of guilty. In brief, we hold that R.C. 2901.13 creates limitations that can be waived, and in this case were waived, by the defendant's guilty plea.

The body of Roxie Cass, age ninety-five, was discovered in her ransacked apartment on Linn Street in Cincinnati on January 3, 1978, and the coroner's report stated that the cause of her death was a homicide. A fingerprint of an unknown person was found in the apartment. More than eight years later, on September 19, 1986, an officer in the Cincinnati Criminalistics Unit advised the Cincinnati Homicide

Squad that the fingerprint matched that of defendant-appellant Charles C. Brown. (The sparse record does not disclose when the identity of the fingerprint was discovered.) The defendant was arrested and confessed to having been implicated with another man in the homicide, conceding that they had entered the apartment illegally, hit the victim, stolen her Jeanie card, and used the card to withdraw $150 from her account.

The defendant was indicted on five counts on October 15, 1986. The first two counts charged felony murder, the first count while committing aggravated robbery and the second count while committing aggravated burglary. The third count charged aggravated robbery, the fourth aggravated burglary, and the fifth theft of the credit card. Among various pretrial motions, the defendant moved to dismiss the last three counts on the ground that the prosecution of those three felonies was barred by R.C. 2901.13. After an evidentiary hearing, the motion was overruled. On the day the case was set for trial, the defendant offered a plea of guilty to felony murder while committing aggravated robbery (first count) and aggravated robbery (third count). Among warnings and information given him, the defendant was warned that his guilty plea waived his right to appeal the overruling of his motion to dismiss. The guilty plea was duly accepted, and the defendant was sentenced to consecutive indeterminate terms of imprisonment for the two offenses.

On appeal, the defendant contends in his single assignment of error that the trial court erred when it overruled his motion to dismiss the third count charging aggravated robbery.[1] The prosecution's first response is that the defendant cannot raise that contention on appeal because he waived it when he offered his guilty plea. It is abundantly clear that a plea of guilty waives all defects in the case except the lack of subject-matter jurisdiction of the court (assuming, of course, the regularity and constitutionality of the plea itself and the procedure by which it was accepted by the court). *Ross* v. *Court* (1972), 30 Ohio St. 2d 323, 59 O.O. 2d 385, 285 N.E. 2d 25. Thus we must address a question of first impression in Ohio: Is R.C. 2901.13 a statute of repose that eliminates or nullifies the criminal charge in its entirety, thus removing from Ohio courts subject-matter jurisdiction over any and all prosecution of the charge, or is it a statute that does no more than fix the period within which prosecutions for felonies and misdemeanors may be brought, without eliminating the charges, in the nature of a statute of limitations in civil actions?[2] Another way to state the question is to ask whether the General Assembly intended R.C. 2901.13 to be "* * * an act of grace by which a sovereign sur-

---

[1] Although the assignment of error asserts that the error lay in overruling the motion to dismiss the *indictment,* appellant's counsel conceded in his brief and in oral argument that the assignment of error is directed only at the failure to dismiss the third count (aggravated robbery).

[2] In *State* v. *Nantz* (Dec. 15, 1982), Hamilton App. No. C-820073, unreported, the single assignment of error raised the issue of the bar of the statute of limitations.

The primary and dispositive reason for overruling the assignment of error was that the prosecution had patently been commenced within the six-year period (in fact, within one month). We added comments about the waiver of that defendant's objection based on the statute of limitations. We now deem those remarks *obiter dicta* because the issue was neither dispositive of the single assignment of error nor fully and definitively treated.

renders its right to prosecute," thus affording defendants complete immunity by the passage of time. *Akron* v. *Akins* (1968), 15 Ohio App. 2d 168, 171, 44 O.O. 2d 299, 301, 239 N.E. 2d 430, 432.

Recently, this court said:

"The interpretation of a statute is the determination of what the statute means. The interpretation starts and ends with the words chosen by the legislature, but it is not limited to the words alone, because the whole context of the enactment must be considered.

"The process of interpretation requires (1) a decision about the purpose to be attributed to the statute and (2) a decision about the meaning of the legislature's words that will carry out that purpose. The words have a double function: they serve as guides to discovery of the purpose, and they serve as limitations on the extent of the statute's applications. The words must be taken in their usual, normal or customary meaning." *State* v. *Cravens* (1988), 42 Ohio App. 3d 69, 72, 536 N.E. 2d 686, 689.

R.C. 2901.13 reads in full:

"(A) Except as otherwise provided in this section, *a prosecution shall be barred unless it is commenced within the following periods* after an offense is committed:

"(1) *For a felony other than aggravated murder or murder, six years*;

"(2) For a misdemeanor other than a minor misdemeanor, two years;

"(3) For a minor misdemeanor, six months.

"(B) If the period of limitation provided in division (A) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by his legal representative who is not himself a party to the offense.

"(C) If the period of limitation provided in division (A) of this section has expired, prosecution shall be commenced for an offense involving misconduct in office by a public servant as defined in section 2921.01 of the Revised Code, at any time while the accused remains a public servant, or within two years thereafter.

"(D) An offense is committed when every element of the offense occurs. In the case of an offense of which an element is a continuing course of conduct, the period of limitation does not begin to run until such course of conduct or the accused's accountability for it terminates, whichever occurs first.

"(E) A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. A prosecution is not commenced upon issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.

"(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered.

"(G) The period of limitation shall not run during any time when the accused purposely avoids prosecution. Proof that the accused absented himself from this state or concealed his identity or whereabouts is prima-facie evidence of his purpose to avoid prosecution.

"(H) The period of limitation shall not run during any time a prosecution against the accused based on the same

conduct is pending in this state, even though the indictment, information, or process which commenced the prosecution is quashed or the proceedings thereon are set aside or reversed on appeal." (Emphasis added.)

While there is an ambiguity in the language chosen by the legislature, we believe that all uncertainties are dispelled by analysis of the design and structure of the entire statute.

The ambiguity lies in the use of the verb "barred," in Division (A) in the phrase "a prosecution shall be barred unless it is commenced * * *." The word is commonly used in connection with both statutes of limitations and statutes of repose. We say that a civil action is "barred" by a statute of limitations because it is brought after the expiration of the statutory period, but that "bar" may be lifted or waived by the defendant's later acknowledgement of the civil liability or any other waiver. We also say that a medical claim is "barred" by the four-year statute of repose for medical malpractice, R.C. 2305.11(B). See, e.g., Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St. 3d 54, 55, 514 N.E. 2d 709, 712.

Any uncertainty arising from that double meaning of "bar" is, in our opinion, dispelled by analysis of the remaining divisions of R.C. 2901.13. They contain special provisions for the tolling of the statute in certain situations and for the extension of time within which a prosecution may be commenced, even though the period of limitation provided in Division (A) has expired. Under Division (G), the period does not run "during any time when the accused purposely avoids prosecution," and under Division (H), it does not run "during any time a prosecution

against the accused based on the same conduct is pending in the state." These two divisions toll the statute. Further, under Divisions (B) and (C), a prosecution may be commenced even though the period of limitation has expired; that is, the prosecution may be commenced within one year after the discovery of an offense of which an element is fraud or breach of a fiduciary duty under Division (B), or under Division (C), within two years after a "public servant" completes his term of office when the offense involves "misconduct in office" (as defined in R.C. 2921.01). These special provisions for the lifting of time and the extension of the period of limitation require inquiry into the peculiarities of each individual case, and are consistent with a statute of limitations and not with a statute of repose.

Our examination of the three recognized statutes of repose discloses an entirely different structure and design. The statute of repose for medical malpractice uses the following language: "In no event shall any medical claim * * * be brought more than four years after * * * the alleged malpractice occurred" (emphasis added). Until it was held to be unconstitutional, the section purported to eliminate the medical claim notwithstanding the provisions of R.C. 2305.16, which toll the statute during the period of certain disabilities (minority, unsound mind, and imprisonment). See Gaines v. Preterm-Cleveland, Inc., supra; Hardy v. VerMeulen (1987), 32 Ohio St. 3d 45, 512 N.E. 2d 626. In its newest form, R.C. 2305.11(B)(2) makes an exception of those under disabilities but goes on to state in both negative and positive form that the "bar" is absolute.[3]

---

[3] R.C. 2305.11(B)(2), effective October 20, 1987, reads in full:

"(2) Except as to persons within the age of minority, of unsound mind, or imprisoned, as provided by section 2305.16 of the Revised Code:

The only criminal statute of limitations in Ohio that preceded R.C. 2901.13 was R.C. 1905.33, which provided that prosecutions for offenses under municipal ordinances must be commenced within one year after the violation.[4] The distinctive mark of this statute was that the prohibition of this statute was absolute on its face and that there were no provisions of any nature that would toll the statute or extend the period within which prosecution could be brought. The statute was held to be a statute of repose. *Cleveland* v. *Hirsch* (1971), 26 Ohio App. 2d 6, 55 O.O. 2d 26, 268 N.E. 2d 600; *Akron* v. *Akins, supra*. It was repealed effective January 1, 1974, in the same Act that enacted R.C. 2901.13.

Another statute of repose is R.C. 2305.131,[5] which eliminates or nullifies all tort actions against "* * * any person performing services for or fur-

nishing the design, planning, supervision of construction, or construction * * *" of improvements to real estate for tort claims arising out of the defective and unsafe condition of the improvements. *Elizabeth Gamble Deaconess Home Assn.* v. *Turner Constr. Co.* (1984), 14 Ohio App. 3d 281, 14 OBR 337, 470 N.E. 2d 950. Again, the language used is "[n]o action * * * shall be brought * * *," and there are no provisions for tolling or extending the ten-year period of limitation.

Giving effect to all the provisions of R.C. 2901.13 and considering the feasibility and reasonableness of its purpose, R.C. 1.47, we hold that R.C. 2901.13 is not a statute of repose nullifying prosecutions by way of an absolute bar, but that it is a statute of limitations not going to the jurisdiction of the trial court. Claims to its benefits may be voluntarily waived by a defendant. We conclude that the defendant's

---

"(a) In no event shall any action upon a medical, dental, optometric, or chiropractic claim be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim.

"(b) If an action upon a medical, dental, optometric, or chiropractic claim is not commenced within four years after the occurrence of the act or omission constituting the alleged basis of the medical, dental, optometric, or chiropractic claim, then, notwithstanding the time when the action is determined to accrue under division (B)(1) of this section, any action upon that claim is barred."

[4] R.C. 1905.33 (now repealed, see 134 Ohio Laws, Part II, 1866, 1868) read in full (see 133 Ohio Laws, Part I, 11, 11-12):

"Actions for the recovery of fines, penalties, or forfeitures, or prosecutions for the commission of any offense made punishable by any ordinance of any municipal corporation, shall be commenced within one year after the violation of the ordinance, or commission of the offense, ex-

cept as provided in section 718.06 of the Revised Code."

R.C. 718.06 extended the period to three years for violations of municipal income tax laws.

[5] R.C. 2305.131 reads in full:

"No action to recover damages for any injury to property, real or personal, or for bodily injury or wrongful death, arising out of the defective and unsafe condition of an improvement to real property, nor any action for contribution or indemnity for damages sustained as a result of said injury, shall be brought against any person performing services for or furnishing the design, planning, supervision of construction, or construction of such improvement to real property, more than ten years after the performance or furnishing of such services and construction. This limitation does not apply to actions against any person in actual possession and control as owner, tenant, or otherwise of the improvement at the time the defective and unsafe condition of such improvement constitutes the proximate cause of the injury or damage for which the action is brought."

guilty plea in the instant case waived any and all claims of error in the prosecution of the aggravated-robbery charge under count three of the indictment.[6]

The single assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., and UTZ, J., concur.

---

[6] Because the claim of error was waived by the guilty plea, we do not reach and do not decide the following issues: whether the running of the six-year period of limitations was tolled either by a failure to discover the corpus deliciti or by the defendant's purposeful avoidance of prosecution; and whether the barring of prosecution for aggravated robbery (if there was an effective barring under the statute) has any effect on the prosecution of felony murder while committing aggravated robbery.