**The STATE of Ohio, Appellant and Cross–Appellee,**

v.

**McLAUGHLIN et al., Appellees and Cross–Appellants.**

[Cite as *State v. McLaughlin* (1996), 109 Ohio App.3d 868.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 95CA006231.

Decided March 20, 1996.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Don Robinson,* Assistant Lorain County Prosecuting Attorney, for appellant and cross-appellee state of Ohio.

*Jim Burge, Kenneth Lieux* and *Daniel Wightman,* for appellees and cross-appellants Raymond E. McLaughlin, Floyd H. Peaco, Jr. and Robert L. Truxall.

BAIRD, Judge.

Plaintiff-appellant, the state of Ohio, appeals the order of the Lorain County Common Pleas Court dismissing, on speedy trial grounds, charges of pollution brought against defendants-appellees, Raymond E. McLaughlin, Floyd H. Peaco, Jr., and Robert L. Truxall.[1]  Appellees cross-appeal the court's determination that the charges against them were brought within the appropriate statute of limitations.  We affirm the decision of the trial court to dismiss the charges against appellees, but do so on the basis that the charges were barred by the statute of limitations.

In 1989, George Binzer, then captain of the North Ridgeville Police Department, observed a municipal employee pumping gasoline-contaminated water from

---

1.  During the period in question, Peaco was mayor of North Ridgeville, McLaughlin was safety service director, and Truxall was service department foreman.

a city-owned pump at the North Ridgeville service garage into an adjacent ditch. The employee advised Captain Binzer that he had been instructed by his supervisor, one of the appellees, to pump the water into the ditch. Captain Binzer questioned several city officials about the practice and, apparently satisfied that there was no basis on which to bring charges, terminated the investigation.

In September 1993, explosions occurred and flames erupted on land adjacent to the service garage. City officials and the Ohio Environmental Protection Agency ("EPA") were contacted, and an investigation was undertaken. On September 22, 1993, the investigating officer received official notification that the land was polluted.

Appellees were indicted on February 8, 1995 for pollution violations. The indictment alleged that, from January 3, 1984 to January 25, 1989,[2] appellees had placed gasoline and other industrial waste in areas where the waste had polluted the waters of the state of Ohio, in violation of R.C. 6111.04. Each of the appellees moved to dismiss the charges against him on the basis that the indictment was barred by the statute of limitations and on the basis that he had not been granted a speedy trial.[3]

The court found that appellees had not been afforded a speedy trial and dismissed the charges against them. However, the court also found that the state had brought the charges against appellees within the applicable statute of limitations.

The state filed a timely notice of appeal, asserting a single assignment of error. Appellees cross-appealed, also asserting a single assignment of error. Because we find the issue asserted on cross-appeal dispositive of all issues raised, we address it first.

I

Appellees were indicted for committing acts of pollution, in violation of R.C. 6111.04, which the parties agree is a misdemeanor. The trial court determined that the statute of limitations did not begin to run until September 1993 when the results of a formal investigation concluded that appellees' acts had, in fact, polluted the waters of the state. In their cross-assignment of error, appellees assert that the trial court erred in making this finding because their acts had

---

2. McLaughlin's indictment alleges that the violations occurred between February 7, 1984 and January 25, 1989.

3. McLaughlin and Truxall filed motions to dismiss on speedy trial grounds. The record indicates that Peaco orally moved to dismiss on speedy trial grounds.

been discovered by the state in 1989 and no prosecution was brought against them within the applicable two-year statute of limitations.

R.C. 6111.04 provides that "[n]o person shall cause pollution or place or cause to be placed any sewage, industrial waste, or other wastes in a location where they cause pollution of any waters of the state * * *." R.C. 2901.13(A)(2) limits the time in which criminal prosecutions for misdemeanors may be commenced to two years after the offense is committed. The time is tolled, however, pursuant to R.C. 2901.13(F), for "any time when the corpus delicti remains undiscovered."

The *corpus delicti*, or substance of a crime, has two elements: (1) the act itself, and (2) the criminal agency of the act. *State v. Black* (1978), 54 Ohio St.2d 304, 307, 8 O.O.3d 296, 297, 376 N.E.2d 948, 951. "[T]he *corpus delicti* of a crime is discovered, and the statute of limitations begins to run, when 'any competent person other than the wrongdoer or someone * * * [equally at fault] with him has knowledge of both the act and its criminal nature * * *.'" *State v. Hensley* (1991), 59 Ohio St.3d 136, 138, 571 N.E.2d 711, 713. One jurisdiction has elaborated that the statute of limitations commences to run in a criminal action "'"after one has knowledge of facts sufficient to make a reasonably prudent person suspicious * * *, thus putting him on inquiry."'" *People v. Crossman* (1989), 210 Cal.App.3d 476, 480, 258 Cal.Rptr. 370, 372.

R.C. 6111.01(A) defines "pollution" as "the placing of any sewage, industrial waste, or other wastes in any waters of the state." R.C. 6111.01(H) defines "waters of the state" as "all streams, * * * drainage systems, and all other bodies or accumulations of water, surface and underground * * * except those private waters which do not combine or effect a junction with natural surface or underground waters." The state argues that the pollution violation at issue could not have been discovered until September 1993 when the EPA verified that the gasoline-contaminated water actually polluted "waters of the state."

Although the trial court agreed with the state's argument, this issue has not been otherwise addressed in Ohio in the context of pollution violations. It is, however, well established that "the state bears the burden of proving that the time when the crime was committed comes within the appropriate statute of limitations." *State v. Young* (1981), 2 Ohio App.3d 155, 157, 2 OBR 171, 173, 440 N.E.2d 1379, 1381; *Cleveland v. Hirsch* (1971), 26 Ohio App.2d 6, 8, 55 O.O.2d 26, 27, 268 N.E.2d 600, 602.

According to the facts set forth in the trial court's opinion, Captain Binzer, a police chief, discovered the city employee placing gasoline-contaminated water into the ditch in 1989. Captain Binzer's observation made him suspicious enough of wrongdoing that he conducted an inquiry at that time. According to the trial

court's findings, Captain Binzer concluded that there was no basis to bring charges. Apparently, Captain Binzer was wrong.

The state's position, that the 1993 explosions and investigation created the state's first true discovery of the *corpus delicti* of the crime, cannot be supported under the facts of this case. The explosions may have resulted from the pollution at issue here, but an explosion is not an element of the offense proscribed by R.C. 6111.04. Further, the crime was not discovered when the explosions occurred. The pollution occurred when a city employee dumped gasoline into the ditch. That act was not only "discovered" as early as 1989, but it was also witnessed by a member of the police department. The act discovered in 1993 was that Captain Binzer had wrongly concluded that the act he discovered in 1989 did not constitute "pollution."

To allow the sort of delay proposed here by the state, a delay that would permit the state to ignore its suspicions of criminal activity until catastrophe strikes or to conclude that an act is not a violation and later change that conclusion, would frustrate the policies of the state in stopping crime and in diligently prosecuting it. The legislative purpose for limiting the time in which prosecutions can be brought is set forth in the Legislative Service Commission Comment to Am.Sub.H.B. No. 511 concerning R.C. 2901.13:

"[T]he basic thrust of the measure is to discourage inefficient or dilatory law enforcement * * *. The rationale for limiting criminal prosecutions is that they should be based on reasonably fresh, and therefore more trustworthy evidence."

Since R.C. 6111.04 requires only the *placing* of waste in a location where that waste causes pollution of the "waters of the state," the state had sufficient notice in 1989 that the crime of pollution was being committed. Although the facts determined by the trial court do not set forth the exact date in 1989 when Captain Binzer discovered the city employee placing the contaminated water in the ditch, it is clear that the two-year period in which to bring an indictment of the appellees for this offense had run, at the latest, by the end of 1991. Since the charges were not brought until 1995, prosecution was barred by the statute of limitations.

Appellees' cross-assignment of error is sustained.

## II

The state, in its assignment of error, argues that the trial court erred in finding that appellees had not been brought to trial within the time limits set forth in R.C. 2945.71(B).

Because we have determined that the state did not prosecute the alleged violations within the time limitations established by the legislature, the state's assignment of error is moot.

The judgment of the trial court dismissing the actions against appellees is affirmed on the basis set forth in this opinion.

*Judgment affirmed.*

QUILLIN, P.J., and SLABY, J., concur.