[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
We address together and overrule the appellant's first assignment of error, in which he challenges the common pleas court's denial of his presentence motion to withdraw his guilty pleas and enter pleas of no contest, and his fourth assignment of error, to the extent that he therein contends that the pleas were the involuntary product of his trial counsel's ineffectiveness. The appellant failed to present, at the hearing on his motion to withdraw his guilty pleas, evidence to support his contention that his counsel had failed to apprise him of the effect of his guilty pleas on the appealability of nonjurisdictional matters, and that, had he been so advised, he would not have entered the pleas. Therefore, the appellant's guilty pleas cannot be said to have been the involuntary product of defense counsel's ineffectiveness. See State v. Xie (1992), 62 Ohio St.3d 521, 524,584 N.E.2d 715, 717. Moreover, the common pleas court's acceptance of the appellant's guilty pleas comported in all of its particulars with the requirements of Crim.R. 11. Thus, on the state of the record before us, we are unable to conclude that the denial of the appellant's presentence motion to withdraw his guilty pleas constituted an abuse of discretion. See Xie, paragraph two of the syllabus.
In his second and third assignments of error and in the balance of his fourth assignment of error, the appellant challenges (1) the common pleas court's refusal to appoint, and its consequent preclusion of testimony by, a medical expert on the interaction between alcohol and prescription drugs, (2) the court's denial of a continuance to facilitate the enforcement of subpoenas for recalcitrant defense witnesses, and (3) defense counsel's effectiveness in failing to advise him to plead not guilty by reason of insanity. We overrule these assignments of error, because the appellant, by his voluntary and intelligent pleas of guilty, waived all nonjurisdictional defects in the proceedings below. See State v. Spates (1992), 64 Ohio St.3d 269,272, 595 N.E.2d 351, 353; Ross v. Court (1972), 30 Ohio St.2d 323,323-324, 285 N.E.2d 25, 25; State v. Brown (1988), 43 Ohio App.3d 39,40, 539 N.E.2d 1159, 1161.
Accordingly, we affirm the judgment of the trial court.
 ______________________________ HILDEBRANDT, PRESIDING JUDGE
 GORMAN and SHANNON, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.