DECISION AND JUDGMENT ENTRY
{¶ 1} John Cavin appeals the Hocking County Court of Common Pleas' dismissal of his petition for habeas corpus. Cavin contends that the trial court erred in denying his petition because the court that convicted him lacked jurisdiction to do so, because his sentence is contrary to law, because his conviction violates the constitutional protection against double jeopardy, because the trial court violated his due process rights, and because his sentence exceeds the maximum allowed by law. Because Cavin's jurisdictional claim relates to a charge that the trial court dismissed, and because Cavin could have raised each of his remaining assignments of errors in a direct appeal from the court that convicted and sentenced him, we find that the trial court did not err in dismissing his petition for habeas relief. Therefore, we affirm the judgment of the trial court.
 I. {¶ 2} In 1983, the Defiance County Grand Jury indicted Cavin on one count of theft. However, Cavin's whereabouts were unknown at the time. In 1996, Cavin was located and the state issued a recognizance bond and ordered him to appear for a hearing in the Defiance County Court of Common Pleas on December 6, 1996. Cavin failed to appear, and the grand jury indicted him for failure to appear.
 {¶ 3} In 1998, Cavin entered a guilty plea on the failure to appear charge, and the state dropped the 1983 theft charge. The court sentenced Cavin to three years of community control sanctions on the failure to appear conviction. The community control order specified that the trial court could imprison Cavin for up to five years if he violated the terms and conditions of his community control.
 {¶ 4} In 2000, Cavin appeared before the Defiance County Court of Common Pleas and admitted that he had violated the terms and conditions of his community control. The court revoked Cavin's community control and sentenced Cavin to serve four years in prison for the offense of failure to appear.
 {¶ 5} Cavin did not pursue a direct appeal of his conviction or sentence. After the court revoked his community control, Cavin filed three petitions for post-conviction relief, which the Defiance County Court of Common Pleas denied. Cavin appealed the denial of his third petition for post-conviction relief, and the Third District Court of Appeals of Ohio affirmed. State v. Cavin, Defiance App. No. 4-01-16, 2001-Ohio-2278.
 {¶ 6} After his petitions for post-conviction relief failed, in 2001 Cavin filed a petition in the Hocking County Court of Common Pleas for habeas corpus against Samuel Tambi, warden of the Hocking Correctional Institution where Cavin is incarcerated. Tambi filed a motion to dismiss pursuant to Civ.R. 12(B)(6). The trial court granted Tambi's motion and dismissed Cavin's petition. Cavin timely appeals.
 II. {¶ 7} When a petitioner has been convicted and sentenced by a court of competent jurisdiction, a direct appeal or petition for post-conviction relief is the proper remedy, and habeas corpus will be denied unless extraordinary circumstances prevent the petitioner from an adequate legal remedy or post-conviction relief. R.C. 2725.05. In reCopley (1972), 29 Ohio St.2d 35, syllabus; see, also, Luna v. Russell
(1994), 70 Ohio St.3d 561, citing Stahl v. Shoemaker (1977),50 Ohio St.2d 351.
 A. {¶ 8} In his first assignment of error, Cavin purports to attack the jurisdiction of the court that convicted him. Within his argument, Cavin contends that the trial court lacked jurisdiction because the statute of limitations had expired on the theft charge prior to his conviction. Some courts consider the expiration of the statute of limitations to be a jurisdictional bar to prosecution and conviction in a criminal case. State v. Tolliver (2001), 146 Ohio App.3d 186, 192;Cleveland v. Hirsch (1971), 26 Ohio App.2d 6, 8; but see State v. Brown
(1988), 43 Ohio App.3d 39, 40.
 {¶ 9} The statute of limitations on a theft charge has no bearing upon the trial court's jurisdiction over Cavin in this case. Cavin was not convicted of theft, but rather was convicted of failure to appear. Cavin has not challenged the trial court's jurisdiction over him on the failure to appear charge. Therefore, Cavin's habeas challenge to the court's jurisdiction is without merit as a matter of law, and the trial court did not err in dismissing Cavin's motion for habeas corpus. Accordingly, we overrule Cavin's first assignment of error.
 B. {¶ 10} In the remainder of his assignments of error, Cavin only raises issues that he could have raised on direct appeal. Specifically, Cavin could have directly appealed his conviction for failure to appear on the grounds that his sentence is contrary to law, that his conviction or sentence violates the constitutional protection against double jeopardy, that the trial court violated his due process rights, and that his sentence exceeds the maximum allowed by law. Cavin has not shown that extraordinary circumstances prevented him from pursuing an adequate legal remedy for these alleged violations of his rights on direct appeal. Therefore, Cavin is not entitled to habeas relief, and the trial court properly dismissed his motion for habeas corpus. Accordingly, we overrule Cavin's second, third, fourth, and fifth assignments of error.
 {¶ 11} Having overruled all of Cavin's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
Evans, P.J. and Abele, J.: Concur in Judgment and Opinion.