The STATE of Ohio, Appellee,

v.

AMIN, Appellant.

[Cite as *State v. Amin,* 156 Ohio App.3d 304, 2004-Ohio-886.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–03–1084.

Decided Feb. 27, 2004.

Julia R. Bates, Lucas County Prosecuting Attorney, and Michael Mota, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} This case is before the court on appeal from the Lucas County Court of Common Pleas, which, following a jury trial, entered a judgment finding appellant Haji Amin guilty of complicity to commit murder. For the reasons that follow, we affirm the judgment of the trial court.

{¶ 2} In 2002, appellant was indicted on two counts of murder and one count of kidnapping for a crime that occurred in July 1994. The trial court subsequently dismissed the kidnapping charge on statute-of-limitations grounds, and the case went to trial on the remaining charges in 2003. The jury found appellant guilty of complicity to commit murder, and the trial court entered a judgment to that effect. Appellant was later sentenced to incarceration.

{¶ 3} Appellant now appeals from the judgment against him, setting forth the following assignment of error:

{¶ 4} "Defendant's conviction for complicity to commit murder was time-barred [and] therefore should be reversed."

{¶ 5} Appellant argues in his sole assignment of error that his conviction was time-barred. R.C. 2901.13(A)(1), as it existed at the time of the offense, provided:

{¶ 6} "(A) Except as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:

{¶ 7} "(1) for a felony other than aggravated murder or murder, six years[.]"

{¶ 8} We note that appellant did not raise his statute-of-limitations argument in the trial court. At least one Ohio appellate district has held that the statute of limitations is jurisdictional and can be raised at any time, including for the first time on appeal. See State v. Tolliver (2001), 146 Ohio App.3d 186, 192, 765 N.E.2d 894. The Hamilton County Court of Appeals, on the other hand, has held that the statute of limitations is not jurisdictional and can be waived. See State v. Brown (1988), 43 Ohio App.3d 39, 43, 539 N.E.2d 1159. The Ohio Supreme Court has similarly held that R.C. 2901.13 is a statute of limitations and that " 'the expiration of a statute of limitations is not a jurisdictional defect.' " Daniel v. State, 98 Ohio St.3d 467, 2003-Ohio-1916, 786 N.E.2d 891, at ¶ 7, quoting State ex rel. Tubbs Jones v. Suster (1998), 84 Ohio St.3d 70, 76, 701 N.E.2d 1002, reconsideration denied (1999), 84 Ohio St.3d 1475, 704 N.E.2d 582. We therefore hold that, by not raising this argument in the trial court, appellant waived it. We review this assignment of error, if at all, under the plain-error standard of review.

{¶ 9} Crim.R. 52 provides that "[p]lain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." The Ohio Supreme Court has explained that "[p]lain error does not exist unless it can be said that but for the error, the outcome of the trial would clearly have been otherwise." *State v. Wogenstahl* (1996), 75 Ohio St.3d 344, 357, 662 N.E.2d 311, reconsideration denied (1996), 75 Ohio St.3d 1453, 663 N.E.2d 333. Because we conclude that prosecution for complicity to commit murder was not governed by the six-year statute of limitations in effect at the time of the offense, we find no error in the proceedings below, plain or otherwise.

{¶ 10} The complicity statute provided that one charged with complicity should be *prosecuted* and punished as if the principal offender. Specifically, R.C. 2923.03(F) provided:

{¶ 11} "Whoever violates this section is guilty of complicity in the commission of an offense, and shall be prosecuted and punished as if he were a principal offender. A charge of complicity may be stated in terms of this section, or in terms of the principal offense."

{¶ 12} Since the principal offense in this case is murder, for which the statute of limitations did not apply, the statute of limitations likewise did not apply to complicity to commit murder. The cases cited by appellant are inapposite, as they involve prosecution for conspiracy to commit murder, see *Tolliver*, 146 Ohio App.3d at 189, 765 N.E.2d 894, and voluntary manslaughter, a lesser included offense of murder, the crime charged, see *State v. Price* (Dec. 22, 1998), Franklin App. Nos. 98AP–428 and 98AP–457, 1998 WL 896358. Complicity to commit murder, unlike both conspiracy to commit murder and voluntary manslaughter as a lesser included offense of murder, is to be treated in all respects like murder. See former R.C. 2923.03(F) (complicity to be prosecuted and punished the same as the principal offense.) See, also, former R.C. 2923.01(J) (conspiracy is punished as an offense one degree lower than the principal offense). Since complicity to commit murder is to be prosecuted as murder, we find appellant's sole assignment of error not well taken.

{¶ 13} Upon due consideration, we find that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.

Judgment affirmed.

JUDITH ANN LANZINGER and ARLENE SINGER, JJ., concur.