[Cite as *State v. Barnes*, 2024-Ohio-1737.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,

  v.

ALEX M. BARNES,

      DEFENDANT-APPELLANT.

CASE NO. 14-23-33

O P I N I O N

Appeal from Union County Common Pleas Court
Trial Court No. 2007-CR-0198

Judgment Affirmed

Date of Decision:  May 6, 2024

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew Bigler* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Alex M. Barnes ("Barnes"), appeals the August 24, 2023 judgment of conviction and sentence entered against him in the Union County Court of Common Pleas. Barnes argues that the indictment against him should have been dismissed on speedy trial grounds and that his conviction must be set aside on the same basis. For the reasons set forth below, we affirm.

*Procedural Background*

{¶2} On December 3, 2007, the Union County grand jury returned a 5-count indictment against Barnes, charging him as follows: Count 1 – Rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b); Count 2 – Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4); Count 3 – Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4); Count 4 – Disseminating Matter Harmful to Juveniles, a fourth-degree felony in violation of R.C. 2907.31(A)(1); and Count 5 – Rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b). Counts 1 and 5 of the indictment also contained sexually violent predator specifications pursuant to R.C. 2941.148.

{¶3} On December 3, 2007, the state also filed a request that a warrant be issued on the indictment. That request listed Barnes' address as the Wilcox State Prison in Abbeville, Georgia. While an arraignment was scheduled to be held on December 13, 2007, Barnes was not served and no further docketed action was taken in the case for several years.

{¶4} On May 20, 2013, Barnes filed a pro se "motion to indict or dismiss", alleging that he had been in custody in another state and had heard nothing from the prosecution in Ohio, and arguing that he was "entitled to be indicted or dismissed and closed out with the GCIC, within (30) days of the Motion filing." (Docket No. 4).

{¶5} On July 18, 2013, the State of Ohio filed a response in opposition to Barnes' motion. The state argued that Barnes had been incarcerated in the state of Georgia since his indictment in 2007 and was therefore "unavailable" pursuant to R.C. 2945.72. (Docket No. 5).

{¶6} On July 25, 2013, the trial court filed a judgment entry overruling Barnes' motion. The trial court found that, pursuant to R.C. 2945.72(A), the time within which a defendant must be brought to trial may be extended due to his confinement in another state.

{¶7} Subsequently, in late 2013, 2014, and 2015, Barnes filed several additional pro se documents, including a discovery request, an address update, a motion to dismiss for lack of subject matter and personal jurisdiction, a motion for a default judgment, a motion to plea in absentia, a demand for speedy trial, and a motion for the appointment of counsel.

{¶8} On October 15, 2015, the trial court filed a judgment entry overruling Barnes' various motions and, as to the speedy trial issue, specifically found that

Barnes continued to be incarcerated in the state of Georgia and therefore remained unavailable for prosecution in Ohio.

{¶9} On December 13, 2021, Barnes filed a notice of place of imprisonment and a request for final disposition of his indictment pursuant to the Interstate Agreement on Detainers.

{¶10} On December 28, 2021, the trial court appointed counsel to represent Barnes.

{¶11} On January 6, 2023, an arraignment was held and Barnes pled not guilty to the indictment.

{¶12} On April 28, 2023, the case was resolved with a negotiated plea of guilty. Pursuant to the plea agreement, Barnes pled guilty to Count 1 amended to a charge of Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4), to Counts 2, 3, and 4 as indicted, and to Count 5 amended to a charge of Gross Sexual Imposition, a third-degree felony in violation of R.C. 2907.05(A)(4).

{¶13} On August 24, 2023, a sentencing hearing was held. Barnes was sentenced to 36 months in prison on Count 1, 36 months in prison on Count 2, 36 months in prison on Count 3, 18 months in prison on Count 4, and 36 months in prison on Count 5. All sentences were ordered to be served consecutively, for an aggregate prison sentence of 162 months.

{¶14} On September 22, 2023, Barnes filed the instant appeal, in which he raises one assignment of error for our review.

**Assignment of Error**

**Appellant's convictions are void due to speedy trial violations because the state did not bring him to trial or otherwise resolve the case within 180 days while the trial court erred in not granting appellant's motion to dismiss.**

{¶15} In the sole assignment of error, Barnes contends that the trial court erred in overruling his motion to dismiss and argues that his convictions must be reversed due to speedy trial violations. In support of those claims, Barnes relies both on Ohio's general speedy trial statute, R.C. 2945.71, and also on the Interstate Agreement on Detainers ("IAD"), which in Ohio is codified in R.C. 2963.30.

{¶16} However, we do not reach the merits of the speedy trial claims raised in this case because Barnes waived his right to contest his convictions on statutory speedy trial grounds when he entered pleas of guilty.

{¶17} As to Barnes' arguments raised pursuant to R.C. 2945.71, in *Montpelier v. Greeno*, 25 Ohio St.3d 170, 495 N.E.2d 581 (1986), the Supreme Court of Ohio held that a defendant's guilty plea waives the right to raise the statutory right to speedy trial on appeal. *See also State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus.

{¶18} As to Barnes' arguments raised pursuant to R.C. 2963.30, in *State v. Bowman*, 3d Dist. Crawford No. 3-89-18, 1990 WL 209806 (Dec. 21, 1990), this

Court similarly held that a plea of guilty waives the right to raise a speedy trial claim pursuant to the IAD on appeal. "Because the plea of guilty is a complete admission of a defendant's guilt, it waives all non-jurisdictional defects assuming the regularity and constitutionality of the plea itself, and the procedure by which it was accepted by the court." *Id.*, at \*5, citing *State v. Brown*, 43 Ohio App.3d 39, 40, 539 N.E.2d 1159 (1st Dist.1988). In *Bowman*, we noted that the Sixth Circuit Court of Appeals had previously determined that the rights created by the IAD are non-jurisdictional. *Id.*, citing *Howalak v. United States*, 645 F.2d 534, 537 (6th Cir.1981). "To permit the raising of IAD questions after a plea of guilty, entry of judgment and the sentencing, would undercut the policy of achieving prompt and final judgments." *Id. See also State v. Lewis*, 8th Dist. Cuyahoga No. 102939, 2015-Ohio-5267, ¶ 17.

{¶19} In the instant case, as Barnes' guilty pleas waived the issues he raises on appeal, the assignment of error is overruled.

*Conclusion*

{¶20} Having found no error prejudicial to the defendant-appellant, Alex Barnes, in the particulars assigned and argued, the judgment of the Union County Court of Common Pleas is affirmed.

*Judgment Affirmed*

**ZIMMERMAN and MILLER, J.J., concur.**