[Cite as *State v. Pannell*, 2017-Ohio-4286.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | Case No. 16-CA-102 |
| | : | |
| VANCE L. PANNELL | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:        Appeal from the Licking County Court of
                                Common Pleas, Case No. 16 CR 281

JUDGMENT:                       REVERSED, VACATED, AND
                                REMANDED

DATE OF JUDGMENT ENTRY:         June 13, 2017

APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

KENNETH W. OSWALT                       STEPHEN T. WOLFE
LICKING CO. PROSECUTOR                  1350 W. 5th Ave. Suite 124
CLIFFORD J. MURPHY                      Columbus, OH 43212
20 North Second St., 4th Floor
Newark, OH 43055

*Delaney, P.J.*

{¶1}   Defendant-appellant Vance L. Pannell appeals from the November 22, 2016 Judgment Entry of the Licking County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2}   The following facts are adduced from appellee's bill of particulars.  This case arose in September 2007 when a confidential informant working with the CODE Task Force made a series of three controlled buys of crack cocaine from a person known as "Vito" at an apartment in Newark.  On January 25, 2008, members of the task force were told "Vito" was at Licking Memorial Hospital with his girlfriend who had just given birth.  Officers made contact with "Vito" after a traffic stop and "Vito" identified himself as "Vincent Pannell."  The subject admitted selling crack cocaine and was found to have $1,789.00 in currency which he stated was proceeds of drug sales.

{¶3}   The subject was booked into the Licking County Jail using identifying information of "Vincent Pannell" and eventually bonded out of jail.

{¶4}   Upon indictment of "Vincent Pannell," officers discovered the subject was in fact Vance Pannell (appellant), who had used his brother's identifying information.

{¶5}   The following evidence is adduced from the hearing on appellant's motion to dismiss.  A complaint was filed and a warrant was issued on February 7, 2008 for appellant's arrest upon one count of tampering with records.  Detective Kyle Boerstler testified that for approximately one month after the warrant was issued, he attempted to execute the warrant by traveling to appellant's last known address, 3005 Rolling Wood Drive, Columbus.  Boerstler stated each time he sat down the road from the address to

watch the house and never saw anyone coming or going. Boerstler did not approach the house or knock on the door.

{¶6} Over the next eight years, the warrant was "validated" annually by LEADS operators, meaning it was checked to ensure it was still valid.

{¶7} Appellant was in jail in Franklin County on an unrelated matter when the warrant was executed upon him in May 2016.

{¶8} On May 25, 2016, appellant was charged by indictment as follows: three counts of trafficking in cocaine pursuant to R.C. 2925.03(A)(1) and (C)(4)(a), all felonies of the fifth degree [Counts I, II, and III]; one count of tampering with records pursuant to R.C. 2913.42(A)(1)(2) and (B)(1)(4), a felony of the third degree [Count IV]; and one count of falsification pursuant to R.C. 2921.13(A)(1)(2)(3) and (F)(1), a misdemeanor of the first degree [Count V].

{¶9} Appellant entered pleas of not guilty and filed a motion to dismiss pursuant to Crim.R. 12(C)(2), alleging the indictment was defective because it was filed outside the statute of limitations. Appellee responded and appellant replied. An oral hearing was held on July 14, 2016, after which the parties filed supplemental briefs.

{¶10} The trial court denied appellant's motion to dismiss via Judgment Entry dated September 27, 2016.

{¶11} Appellant appeared before the trial court on November 22, 2016 and changed his pleas to ones of no contest to all five charges in the indictment. The trial court sentenced appellant to, e.g., an aggregate prison term of 9 months.

{¶12} Appellant now appeals from the judgment entry of his convictions and sentence, and from the decision of the trial court overruling his motion to dismiss.

{¶13} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶14} "The court erred when it denied appellant's motion to dismiss based on the statute of limitations."

## ANALYSIS

{¶15} In his sole assignment of error, appellant argues the trial court should have granted his motion to dismiss. We agree.

{¶16} The standard of review for a trial court's ruling upon a motion to dismiss for failure to comply with the statute of limitation "'involves a mixed question of law and fact. Therefore, we accord due deference to a trial court's findings of fact if supported by competent, credible evidence, but determine independently if the trial court correctly applied the law to the facts of the case.'" *State v. Cook*, 184 Ohio App.3d 382, 2009-Ohio-4917, 921 N.E.2d 258, ¶ 25 (6th Dist.), citing *State v. Bess*, 182 Ohio App.3d 364, 2009-Ohio-2254, 912 N.E.2d 1162, ¶ 23 (8th Dist.) and *State v. Stamper*, 4th Dist. Lawrence No. 05CA21, 2006-Ohio-722, 2006 WL 367897, ¶ 30. See also *State v. Davis*, 11th Dist. Lake No. 2008–L–021, 2008-Ohio-6991 and *State v. Jackson*, 1st Dist. Hamilton Nos. C–150657, C–150658, C–150659, C–150660, 2016-Ohio-5196, 68 N.E.3d 1278, ¶ 8.

{¶17} The purpose of the statute of limitation is to discourage inefficient or dilatory law enforcement because prosecution should be based upon reasonably fresh, and therefore more trustworthy, evidence. *State v. McLaughlin,* 109 Ohio App.3d 868, 872, 673 N.E.2d 234 (9th Dist.1996). The statutory period of limitations governing felonies is six years, and * * * a prosecution shall be barred unless it is commenced within * * * six years. R.C. 2901.13(A)(1). R.C. 2901.13(E) provides that a prosecution is "commenced"

on the date an indictment is returned * * *. A prosecution is not commenced by the return of an indictment or the filing of an information unless reasonable diligence is exercised to issue and execute process on the same. **A prosecution is not commenced upon the issuance of a warrant, summons, citation, or other process, unless reasonable diligence is exercised to execute the same.**  (Emphasis added.)

{¶18} The burden is upon the state to show prosecution was timely commenced. *State v. Young*, 2 Ohio App.3d 155, 440 N.E.2d 1379 (1st Dist.1981). Once a warrant is issued, it must be executed by either an arrest or summons using reasonable diligence in compliance with Crim. R. 4(D). *State v. Greer*, 2 Ohio App.3d 399, 442 N.E.2d 473 (1st Dist.1981). There must be some indication of attempts to serve the warrant by arrest or summons. *State v. Morris*, 20 Ohio App.3d 321, 486 N.E.2d 168 (10th Dist.1984).

{¶19} If a defendant demonstrates more than six years have elapsed after the warrant was filed, the burden shifts to the prosecution to show reasonable diligence was exercised to execute the warrant. *State v. McNichols*, 5th Dist. Stark No. 2000CA00058, 2000 WL 1275491, *2 (Sept. 5, 2000).  The Supreme Court of Ohio, in adopting Black's Law Dictionary's definition, has defined reasonable diligence as "[the] fair, proper and due degree of care and activity, measured with reference to the particular circumstances; such diligence, care, or attention as might be expected from a man of ordinary prudence and activity." Id., citing *Sizemore v. Smith*, 6 Ohio St.3d 330, 332, 453 N.E.2d 632 (1983). Therefore, what constitutes reasonable diligence must be determined by the facts and circumstances of each particular case. *Id.*

{¶20} In the instant case, the record reveals a complaint (alleging only the tampering offense) was filed on February 7, 2008, and an arrest warrant was issued the

same day. Tampering with records is a felony of the third degree pursuant to R.C. 2913.42(A)(2), thus the applicable statute of limitations is six years. At the hearing on the motion to dismiss, appellee called two witnesses: the communications administrator of the Licking County Sheriff's Office and the investigating detective who filed the complaint seeking the arrest warrant.

{¶21} The communications administrator testified the arrest warrant was entered into LEADS on February 8, 2008, and then "validated" annually. When asked what "validation" consists of, the administrator replied as follows:

> * * * *.
>
> [WITNESS]: We make a list of all the warrants and it gets processed through the courts. They run through their list and make sure it's still valid; then they send the document back to me.
>
> [DEFENSE COUNSEL]: So, validating does not mean that you make any attempt to execute the warrant.
>
> [WITNESS]: No, we're just validating the entry.
>
> * * * *.
>
> T. 15.

{¶22} The effect of the warrant's existence in LEADS, therefore, was that the communications staff regularly checked to make sure the warrant was still active, but this is not execution of the warrant for purposes of Crim.R. 4(D).

{¶23} The detective was asked to describe what efforts he made to execute the warrant. He testified he had several addresses for appellant in locations including Columbus, Buckeye Lake, and Newark. The only address he checked, however, was the

Columbus address: 3005 Rolling Wood Drive.  He made "several trips" to that address, but he did not approach the residence or knock on the door; instead, he "[sat] down the road" and "just watched" because he didn't think anyone would respond if he knocked. (T. 19).  He went to the address "about three times" within the month after the warrant was issued.  When asked if he had any reason to believe appellant left the state, the detective responded, "I believed anything's possible.  It's not the first time that they've absconded to another state."  (T. 21).  The detective offered no affirmative evidence appellant left the state or took action to avoid prosecution.

{¶24} Appellee's evidence also included a Franklin County arrest warrant for appellant issued on January 23, 2007 and executed on March 22, 2016, served at 3366 Penfield Road, Columbus.  Appellant's fiancée wrote a letter to the Franklin County trial court with the return address of 32 Esquire Drive, Canal Winchester, stating, "I understand that it was wrong for him t[o] stay hidden for all this time, but he just didn't want to be away from his family."  (Appellee's Ex. 6).  Appellee argues the existence of the older Franklin County warrant establishes appellant's attempts to evade law enforcement, but the record here is devoid of any evidence of attempts made to serve the Franklin County warrant, or of the relevance to these proceedings.  Nor does the letter from the fiancée establish appellee's reasonable diligence.

{¶25} Appellee responds appellant purposely avoided prosecution by "specific actions" to evade law enforcement, stating "* * * the record establishes the conduct of the appellant in providing false identity and information to avoid prosecution."  (Appellee's Brief, 7-8).  We disagree with appellee's characterization of the record.

{¶26} Appellant provided the false identity information prior to the issuance of the warrant triggering appellee's responsibility to exercise due diligence. The 2016 indictment of appellant arose from his actions in allegedly selling drugs and lying about his identity upon his arrest, but it is appellee's burden to establish reasonable diligence in the span of time between the issuance of the tampering warrant in 2008 and the indictment eight years later. This record does not include examples of appellant's alleged "specific activity in providing false information, false documentation, actions on evading a known warrant for his arrest in Licking County and avoidance of arrest on a Probation Violation in Franklin County * * *." (Appellee's Brief, 6). Instead, appellee's witness testified he had several potential addresses for appellant, of which he checked only one; this checking occurred only three times in the month immediately subsequent to the issuance of the warrant; and the "checking" did not extend to knocking on the door.

{¶27} We also disagree with appellee's statement that the detective "* * * made multiple inquiries of the Columbus Police Department to seek the location of the appellant * * *." (Appellee's Brief, 4). Appellee does not cite any such evidence in the record, and we are unable to find any. Instead, we note the following exchange between the prosecutor and the detective:

> * * * *.
>
> [PROSECUTOR]: Are you aware if any Columbus PD officers ever sat on the house?
>
> [WITNESS]: I did make contact a couple of times with some detectives and just passed along the information. **Now, if they actually went and worked it, I do not know.** (Emphasis added).

* * * *.

T. 19.

{¶28} We find this record devoid of evidence that appellant himself caused the delay in serving the warrant.  Where the defendant himself causes the delay by going into hiding and the government pursues him with reasonable diligence, a claim asserting statute of limitations would fail. See *Doggett v. United States*, 505 U.S. 647, 656, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). Where the delay is intentionally caused by the government to gain an advantage at trial, the delay will be weighed heavily against the government. Id.   The instant case falls somewhere in-between.   "Between diligent prosecution and bad-faith delay, official negligence in bringing an accused to trial occupies the middle ground." Id. at 656-657. Negligence, however, "still falls on the wrong side of the divide between acceptable and unacceptable reasons for delaying a criminal prosecution once it has begun." Id. at 657. The longer the delay due to official negligence, the less tolerable the delay becomes. Id.

{¶29} Appellee's three attempts at service in eight years, when there is no evidence appellee approached the residence where appellant was thought to live and other locations were never investigated, does not demonstrate due diligence.  See, *McNichols*, supra, 5th Dist. Stark No. 2000CA00058, 2000 WL 1275491, *2 (Sept. 5, 2000) [no reasonable diligence in 12 years during which appellant lived openly under his own name in the same county and was incarcerated once in that county]; *State v. Jenkins*, 5th Dist. Stark No. 2009-CA-00150, 2010-Ohio-2719 [record contains insufficient evidence appellant "purposely" avoided prosecution and contacting his mother on one occasion does not establish due diligence in executing the warrant]; *State v. Eden*, 5th

Dist. Guernsey No. 91-CA-22, 1991 WL 271690, (Nov. 14, 1991) [no reasonable diligence exercised where no evidence exists appellant purposely avoided prosecution, left state, or concealed identity or whereabouts to avoid prosecution]; *State v. Mahoney*, 5th Dist. Stark No. CA-9316, 1993 WL 405446 (Oct. 4, 1993) [no effort at all made to execute warrant; case docket shows no activity for three years, in which time no evidence presented regarding any attempt to serve warrant]; and *State v. McGhee*, 5th Dist. Delaware No. 00CA-A-12-040, 2001 WL 704436, *2 (June 20, 2001) ["A twenty-first century definition of 'reasonable diligence' * * * must naturally reflect the advancing availability of telecommunications and information technology for this task."].

{¶30} Appellant further points to undue delay in indicting the drug trafficking offenses; the 2008 complaint and warrant charged only the tampering offense. "An unjustified delay between the commission of an offense and a defendant's indictment therefore, which results in actual prejudice to the defendant, is a violation of the right to due process of law under Section 16, Article I of the Ohio Constitution and the Fifth and Fourteenth Amendment to the United States Constitution." *State v. Luck,* 15 Ohio St.3d 150, 154, 472 N.E.2d 1097 (1984). Furthermore, any claim of prejudice, such as the death of a key witness, lost evidence, or faded memories, must be balanced against the other evidence in the case in order to determine whether the defendant will suffer actual prejudice at trial. *Id.* The Ohio Supreme Court held that a delay in the commencement of prosecution by the state would be found unjustified when it is done in an attempt to gain a tactical advantage over the defendant, or when the state "through negligence or error in judgment, effectively ceases the active investigation of a case, but later decides to commence prosecution upon the same evidence that was available to it at the time that

its active investigation was ceased." *Luck,* supra, 15 Ohio St.3d at 158. The Court also held that the length of delay would normally be a key factor in this determination. *Id.*

{¶31} When a defendant asserts a pre-indictment delay violated his due process rights, prejudice may not be presumed. *United States v. Crouch*, 84 F.3d 1497, 1514-1515 *(*C.A.5, 1996). The defendant has the burden of demonstrating prejudice. See, e.g., *United States v. Lawson*, 780 F.2d 535, 541-42 (6th Cir.1985). A lengthy delay in prosecuting the defendant, by itself, does not constitute actual prejudice. The defendant must demonstrate how the length of the delay has prejudiced his ability to have a fair trial. *United States v. Norris*, 501 F.Supp.2d 1092, 1096 (S.D.Oh.2007).

{¶32} In the instant case, appellant makes no specific argument of actual prejudice resulting from the 8-year delay between the alleged crimes and the issuance of the indictment. Appellant does not allege the delay between the alleged incidents and the indictment was an intentional device on the part of the state to gain a decided tactical advantage in its prosecution. *United States v. Marion,* 404 U.S. 307, 324, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971).

{¶33} Instead, appellant's argument is premised upon appellee's negligence in failing to execute the warrant, which did in fact "effectively cease active investigation of the case." See, *State v. Jenkins*, supra, 5th Dist. Stark No. 2009-CA-00150, 2010-Ohio-2719, ¶ 65. We must conclude in the instant case the negligence of appellee in executing the warrant, combined with the 8-year delay in indicting appellant upon the trafficking offenses, lead us to conclude the 8-year delay is unjustified.

{¶34} This record provides us with no basis upon which to find justification for the delay when the state's attempts at executing the warrant consisted of "sitting down the

road" three times from one of multiple known addresses.  We conclude the trial court's finding of reasonable diligence by appellee is not supported by competent, credible evidence and sustain appellant's sole assignment of error.

**CONCLUSION**

{¶35} The judgment of the Licking County Court of Common Pleas is reversed. Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2953.07, the convictions and sentence are vacated, and this case is remanded for proceedings in accordance with our opinion and the law.

By: Delaney, P.J.,

Hoffman, J. and

Wise, Earle, J., concur.